IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| JASON COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01222-STA-jay |
| ) | |
| WARDEN GUY BOSCH, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL, AND
DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD AND
A RESPONSE TO THE § 2254 PETITION**

Petitioner Jason Collins, Tennessee Department of Correction prisoner number 240174, an inmate at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, has filed an amended *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by the Person in State Custody (the "Amended Petition").[1] (ECF No. 6.) Petitioner has paid the $5.00 habeas filing fee. (ECF No. 9.) The Amended Petition is before the Court on preliminary review.[2]

---

[1] Petitioner is incarcerated at the TTCC where Allen Beard, Jr., now serves as warden. *See* Tennessee Department of Correction, Trousdale Turner Correctional Center (tn.gov) (last visited September 19, 2025). The Clerk is **DIRECTED** to record the respondent as Allen Beard, Jr., and to terminate all references to Guy Bosch. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

[2] Petitioner filed his initial and amended petitions in the United States District Court for the Middle District of Tennessee. (*See* ECF Nos. 1 & 6.) Petitioner's case was transferred to this Court on September 15, 2025. (ECF No. 12.)

*See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

It is **ORDERED**, pursuant to Habeas Rule 4 that Respondent file a response/answer to the Amended Petition within 28 days. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31.[3] *See* 28 U.S.C. § 2254(b)(1). For each claim, the answer shall at a minimum, address the timeliness of the Amended Petition, state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of

---

[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed Sept. 19, 2025).

the Amended Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.[4]

It is **ORDERED** that the Clerk shall send a copy of the Amended Petition (ECF No. 6) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

It is **ORDERED** that the Clerk shall mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 19, 2025

---

[4] Petitioner's motion for the appointment of counsel is **DENIED**. (ECF No. 7.) There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion to determine whether counsel should be appointed. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Although the Court may appoint counsel for a petitioner seeking relief under § 2254 who is financially eligible whenever the Court determines that "the interests of justice so require," Petitioner has not made such a showing. 18 U.S.C. § 3006A(a)(2)(B). Petitioner's case is not complex, and Petitioner admits that he had access to a legal aide to assist him in preparing his initial § 2254 petition. (ECF No. 7 at PageID 36.)